2015 Freeman LLC v Seneca Specialty Ins. Co. (2022 NY Slip Op 02086)





2015 Freeman LLC v Seneca Specialty Ins. Co.


2022 NY Slip Op 02086


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 653519/14 Appeal No. 15609 Case No. 2020-04725 

[*1]2015 Freeman LLC, Also Known as 2015 Freeman Avenue LLC, et al., Plaintiffs-Appellants,
v
Seneca Specialty Insurance Company, Defendant-Respondent.


Michael P. Lagnado, New York, for appellants.
Ken Maguire & Associates, PLLC, Wantagh (Katherine Maguire Tedrick of counsel), for respondent.



Judgment, Supreme Court, New York County (David Cohen, J.), entered November 4, 2020, after a jury trial, in favor of plaintiffs and against defendant on the insurance coverage claims, to the extent it brings up for review a ruling granting defendant's motion for a directed verdict dismissing the claim of bad faith denial of coverage, unanimously affirmed, without costs.
The trial court correctly granted defendant's motion for a directed verdict dismissing the claim under Ohio law of bad faith denial of coverage (see generally Hoskins v Aetna Life Ins. Co. , 6 Ohio St 3d 272, 452 NE 2d 1315 [1983]). The evidence establishes that inaccurate information about the insured properties had been submitted to defendant prior to its issuance of the policies and that defendant had conducted a thorough investigation of the claims before concluding that the misrepresentations were material and denying coverage on that basis. There is no valid line of reasoning and permissible inferences that could have led a rational juror to conclude either that defendant's belief that there was no coverage was arbitrary or that defendant's conduct was not based on circumstances that furnished a reasonable justification for the denial (see id. , 6 Ohio St 3d at 276-277, 452 NE2d at 1320 [1983]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022